Argued April 13, affirmed as modified May 16, 1962

# In the Matter of GLENDA KRAFT, RAY ARTHUR PALMER and DAVID R. PALMER, Children.
# PALMER v. PALMER

371 P. 2d 567

*Donald H. Joyce,* Portland, argued the cause and filed briefs for appellant.

*Melville H. Geil,* Deputy District Attorney, Portland, argued the cause for Multnomah County Juvenile Court and Multnomah County. With him on the brief was Charles E. Raymond, District Attorney, Portland.

No appearance for respondent Edla Jean Palmer.

Before McAllister, Chief Justice, and Warner, Sloan and O'Connell, Justices.

SLOAN, J.

This is an appeal by the father of the subject children from an order of the juvenile court which denied him any right of visitation with the children. The order also terminated his duty to support.

This case had been before the juvenile court for more than two years prior to the entry of the order appealed from. An early order made the children wards of the court. The parents were separated but undivorced. In a divorce case, contemporary with the juvenile proceedings, neither party was awarded a decree. The children had been in the supervised custody of the mother. Most of the later proceedings involved efforts on the part of the father to prove the mother unfit to have the children. The court found, and the record convinces, that the father's tactics had been harassing in the extreme. He appears to have been goaded by malice.

The record before us contains the testimony of the parties and numerous witnesses presented to the juvenile court on five different occasions. In addi-

tion, it contains all of the reports and other information contained in the juvenile court files.

■ Appellant father presents here some technical questions which we think have no merit at all. This is, indeed, a case in which this court should not interfere with the provisions made by the trial court for the care of the children involved. Prior to the entry of the order appealed from the court and his staff had diligently attempted to work with the parents to establish workable visitation arrangements. The effort was of little avail. It appears that the court had no recourse but to deny the father's visitation rights until he quit the harassment he was found guilty of.

■■ We are not satisfied with the order terminating support payments. The man's fault should not ordinarily suspend his duty to support his children. The record in this case does not convince that contributions by him would be detrimental to the children. We think this matter should have the further consideration of the court. The order appealed from is, therefore, modified to eliminate the provision terminating support payments and the case is remanded for determination of the extent to which he should be required to contribute.

Affirmed as modified.